UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:15-cv-80521-DMM

JEAN PAVLOV, individually and as Personal Representative of the Estate of MATTHEW POLLOW, deceased, for the benefit of Jean Pavlov, surviving parent, and the Estate of MATTHEW POLLOW,

        Plaintiff,

v.

RIC L. BRADSHAW, in his official capacity as Sheriff of Palm Beach County, Florida; and Deputy EVAN ROSENTHAL, in his individual capacity,

        Defendants.

_____/

## PLAINTIFF'S MOTION TO OVERRULE DEFENDANTS' OBJECTIONS TO INITIAL DISCOVERY AND MOTION TO COMPEL RESPONSES TO DISCOVERY

The Plaintiff, by and through undersigned counsel, respectfully requests the Court enter an Order overruling Defendants' objections to the Plaintiff's discovery propounded on June 4, 2015, and further order the Defendants to respond to outstanding discovery requests propounded on June 4, 2015:

### INTRODUCTION

1.  This case involves the shooting death of Matthew Pollow, deceased, on April 2, 2014, at the hands of Defendant Evan Rosenthal, who was, and is employed by the Palm Beach County Sheriff's Office.

Case 9:15-cv-80521-DMM   Document 23   Entered on FLSD Docket 07/27/2015   Page 2 of 10

Pavlov v. Bradshaw, et. al.
Case No.:
Page 2

2. Pursuant to the Court's Pretrial Scheduling Order [DE # 15], entered on June 6, 2015, this case is currently scheduled for trial during the Court's two-week trial period commencing February 8, 2016, with a discovery deadline of October 19, 2015.

3. The Plaintiff propounded initial discovery upon the Defendants on June 4, 2015.

4. On July 7, 2015, the Defendants requested an extension until July 21, 2015 to respond to the initial discovery. The Plaintiff granted this request, subject to the Defendants filing initial responses on July 9, 2015, and continuing to file responsive documents on a rolling basis until July 21, 2015.

5. Defendant Bradshaw filed initial responses to the Plaintiff's Request for Production on July 13, 2015, and supplemental responses on July 21, 2015. Defendant Bradshaw filed his answers to Plaintiff's Interrogatories on July 21, 2015.

6. Defendant Rosenthal filed his responses to Plaintiff's discovery requests on July 21, 2015.

7. Defendant Bradshaw failed to produce responsive documents to paragraph # 7 of Plaintiff's Request for Production, and further failed to file supplemental responses to paragraphs # 26, 47, and 48 of Plaintiff's Request for Production.

8. Both Defendants also filed baseless, non-specific objections in response to Plaintiff's discovery requests, in violation of Local Rule 26.1 (g) (3) (A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds.")

9. Based on the argument and memorandum of law set forth below, the Defendants' objections should be overruled. Defendant Bradshaw should be compelled to produce

Case 9:15-cv-80521-DMM Document 23 Entered on FLSD Docket 07/27/2015 Page 3 of 10

Pavlov v. Bradshaw, et. al.
Case No.:
Page 3

responsive documents to the outstanding discovery requests. Defendant Rosenthal should be similarly compelled to produce responsive documents and file proper Answers to Interrogatories.

## ARGUMENT AND MEMORANDUM OF LAW

**Memorandum of Law**

Standard for relevance of discovery requests

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." F.R.C.P. 26 (b) (1) (2015). "Courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules, even after the 2000 Amendments to the Rule." Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007).

"To sustain its discovery objections…[Defendants must] show that the requested discovery has no possible bearing on the claims and defenses in this case…Defendant[s] must show either that the requested discovery (1) does not come within the broad scope of relevance…or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure." Id.

Boilerplate objections

> "Parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis [of particular objections], and then state that 'notwithstanding the above', the party will respond to the discovery request, subject to or without waiving such objection. Such objection and answer preserves nothing…such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered."

Case 9:15-cv-80521-DMM   Document 23   Entered on FLSD Docket 07/27/2015   Page 4 of 10

Pavlov v. Bradshaw, et. al.
Case No.:
Page 4

Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D. Fla. 2008). "[G]eneralized objections, which purported [sic] to object to each and every category of documents, are not recognized by this court." Benfatto v. Wachovia Bank, N.A. 2008 WL 4938418 *2 (S.D. Fla. 2008). "Indeed, boilerplate objections may also border on a frivolous response to discovery requests." Alhassid v. Bank of America, N.A., 2015 WL 1120273 * 2 (S.D. Fla. 2015) citing Steed v. Everhome Mortgage Co., 308 Fed. App'x 364, 371 (11th Cir. 2009).

**Argument and Discovery requests at issue**

Plaintiff's First Request for Production to Defendant Rosenthal dated June 4, 2015

Plaintiff propounded her first Request for Production to Defendant Rosenthal on June 4, 2015. *See Exhibit A*. Defendant Rosenthal filed his response on July 21, 2015, setting forth boilerplate objections to each and every single request, and not producing one single responsive document. *See Exhibit B*. Alarmingly, Defendant Rosenthal claims that requests which specifically seek information related to the subject incident, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. It is abundantly clear from these "robotic" responses that Defendant Rosenthal ignored the substance of the requests, and his baseless responses serve only to thwart the Plaintiff's efforts in obtaining relevant documents.

**Request for Production # 1** requests Defendant Rosenthal's personal cell phone records, including any text messages between April 2, 2014 and December 31, 2014, that relate in any way to the subject incident. Defendant Rosenthal objected to this request, claiming it is (a) personal and confidential since he is a law enforcement officer; and (b) the information sought is irrelevant. Defendant Rosenthal also claims these text messages are not available.

Defendant Rosenthal is not afforded any privacy whatsoever because he is a law enforcement officer. He is a named Defendant in the subject lawsuit, and his phone records are

Case 9:15-cv-80521-DMM Document 23 Entered on FLSD Docket 07/27/2015 Page 5 of 10

Pavlov v. Bradshaw, et. al.
Case No.:
Page 5

wholly relevant, considering there is a strong likelihood that he spoke to people about the subject incident. The identities of the phone numbers listed in his records will be explored further through subsequent discovery.

With regard to his claim that the text messages are unavailable, Defendant Rosenthal should be compelled to conduct a diligent search for these messages, and file an affidavit setting forth all efforts made to locate these messages. See Walinbay, S.A. v. Fresh Results LLC, 2014 WL 1267170 (S.D. Fla. 2014).

**Request for Production # 2** seeks any e-mails related to the subject incident exchanged between April 2, 2014 and December 31, 2014. Defendant Rosenthal objected to this request, claiming it is (a) personal and confidential since he is a law enforcement officer; and (b) the information sought is irrelevant. These objections should be overruled for the same reasons explained above. Any personal e-mails exchanged about the subject incident are clearly relevant and reasonably calculated to lead to the discovery of admissible evidence. Defendant Rosenthal's response that such e-mails are irrelevant, represents the type of boilerplate objections which the above cited case law speaks out against.

**Request for Production # 3** seeks all electronic communication about the subject incident between April 2, 2014 and December 31, 2014. Defendant Rosenthal objected to this request, claiming it is (a) personal and confidential since he is a law enforcement officer; and (b) the information sought is irrelevant. These objections should be overruled for the same reasons explained in Plaintiff's argument set forth with regard to Request for Production #2. In addition, Defendant Rosenthal objects to this request, claiming it is overbroad, failing to comply with Local Rule 26.1 (g) (3) (A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state

Case 9:15-cv-80521-DMM Document 23 Entered on FLSD Docket 07/27/2015 Page 6 of 10

Pavlov v. Bradshaw, et. al.
Case No.:
Page 6

with specificity all grounds.") Defendant Rosenthal fails to state the specific grounds for this objection allegedly being overbroad.

**Request for Production # 4** seeks all comments made by Defendant Rosenthal, posted on any websites, message boards, or social networking sites. Defendant Rosenthal's response to this Request ("Without waiving the same objections as raised in response to #1, #2, and #3 above, none"), leaves open the question whether the request has been fully answered, as enunciated by Guzman quoted above. These objections should be overruled, stricken, and a response without these objections should be compelled.

**Request for Production # 5** seeks a copy of Defendant Rosenthal's personal cell phone records, including any text messages exchanged while he was on duty on the date of the subject incident. The boilerplate objections continue in this response, with Defendant Rosenthal claiming the information sought is (a) personal and confidential since he is a law enforcement officer; and (b) the information sought is irrelevant. These objections should be overruled for the same reasons explained above regarding Request for Production # 1 and #2. Defendant Rosenthal then asserts the "notwithstanding" clause, and claims the text messages are not available to him. The Court should strike this clause pursuant to Guzman. Defendant Rosenthal should be compelled to conduct a diligent search for these messages, and file an affidavit setting forth all efforts made to locate these messages. See Walinbay, S.A. v. Fresh Results LLC, 2014 WL 1267170 (S.D. Fla. 2014).

**Request for Production # 6** asks for all personal e-mails exchanged on the date of the subject incident. Defendant Rosenthal objects based on (a) privacy, and (b) such request being irrelevant. As mentioned above, Defendant Rosenthal is a named defendant in this lawsuit, and

Case 9:15-cv-80521-DMM   Document 23   Entered on FLSD Docket 07/27/2015   Page 7 of 10

Pavlov v. Bradshaw, et. al.
Case No.:
Page 7

any e-mails he sent or received related to the subject incident are indeed relevant, and override any putative privacy interests he claims exist.

**Request for Production # 7** seeks any and all electronic communication sent or received through social media networking sites. Defendant Rosenthal objected to this request, claiming it is (a) personal and confidential since he is a law enforcement officer; and (b) the information sought is irrelevant. These objections should be overruled for the same reasons explained above regarding Request for Production #1 and #2." '[I]nformation that an individual shares through social networking web-sites like Facebook may be copied and disseminated by another,' the expectation that such information is private, in the traditional sense of the word, is not a reasonable one.'" Nucci v. Target Corporation, 162 So.3d 146, 154 (Fla. 4th DCA 2015) quoting Beswick v. N.W. Med. Ctr., Inc., No. 07–020592 CACE(03), 2011 WL 7005038 (Fla. 17th Cir.Ct. Nov. 3, 2011).

Applying the Court's liberal discovery standard, and following the Court's reasoning in Guzman regarding baseless boilerplate objections, Defendant Rosenthal's objections to the Requests for Production discussed above should be overruled.

WHEREFORE, the Plaintiff requests the Court enter an Order as follows with regard to Plaintiff's Request for Production:

(a) Overruling all of Defendant Rosenthal's objections set forth in Requests for Production #1 through #7;

(b) Striking Defendant Rosenthal's "notwithstanding" and "without waiving the same objections" clauses set forth in Request for Production # 1, # 4, and #5;

(c) Compelling Defendant Rosenthal to conduct a diligent search for the documents responsive to Request for Production # and #5, and set forth the efforts taken in an affidavit;

Case 9:15-cv-80521-DMM   Document 23   Entered on FLSD Docket 07/27/2015   Page 8 of 10

Pavlov v. Bradshaw, et. al.
Case No.:
Page 8

(d) Compelling Defendant Rosenthal to file proper responses, along with the responsive documents, within five (5) days.

<u>Plaintiff's First Set of Interrogatories to Defendant Rosenthal Dated June 4, 2015</u>

Plaintiff propounded her first set of Interrogatories upon Defendant Rosenthal on June 4, 2015, with Defendant Rosenthal filing his Answers on July 21, 2015.  *See Exhibit C.*

**Interrogatory # 1** seeks Defendant Rosenthal's personal cell phone numbers, cell phone providers, and type of cell phone, between April 2, 2014 and December 31, 2014. **Interrogatory # 2** seeks Defendant Rosenthal's e-mail address between April 2, 2014 and December 31, 2014.  Defendant Rosenthal objected to these Interrogatories, claiming (a) this information is personal because he is a law enforcement officer, (b) that this information is irrelevant, followed by the ubiquitous "notwithstanding" clause, and giving only the type of cell phone, without the phone number or provider, and failing to give his e-mail address.  The relevance of this information has been set forth in Plaintiff's argument above regarding Request for Production #1 and #2, as well as the non-applicability of any "privacy" interests.  The objections to this Interrogatory should be overruled, and the "notwithstanding" clause should be stricken from Defendant's Answers.

Defendant Rosenthal's Answers to **Interrogatory # 3, #4, and #5** all begin with the following phrase: "Without waiving the same objections as raised in response to…" Objections in this manner, and then stating "that 'notwithstanding the above', the party will respond to the discovery request, subject to or without waiving such objection…preserves nothing…such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered."  <u>Guzman,</u> 249 F.R.D. at 401.  These

Case 9:15-cv-80521-DMM   Document 23   Entered on FLSD Docket 07/27/2015   Page 9 of 10

Pavlov v. Bradshaw, et. al.
Case No.:
Page 9

objections should be stricken, and Defendant Rosenthal should be compelled to file answers without these objections included.

WHEREFORE, the Plaintiff respectfully requests the Court enter an Order:

(a)     Overruling Defendant Rosenthal's objections to Interrogatories #1 through #5;

(b)     Striking Defendant Rosenthal's "notwithstanding" or "without waiving" objections set forth in Interrogatories # 1 through # 5;

(c)     Compelling Defendant to file amended answers within five (5) days.

Plaintiff's Request for Production to Defendant Bradshaw propounded on June 4, 2015

Plaintiff propounded her Request for Production to Defendant Bradshaw on June 4, 2015. *See Exhibit D.* Defendant Bradshaw filed his initial responses on July 13, 2015 (*See Exhibit E*), and his supplemental responses on July 21, 2015. *See Exhibit F.*

Plaintiff's Request for Production #7, requested *inter alia*, e-mails in native format regarding the subject incident. Defendant Bradshaw did not file any objections to this request, and produced no emails in his responsive documents.

Defendant Bradshaw, in his initial responses, stated that responsive documents to Plaintiff's Requests for Production # 26, #47, and #48 would be produced. In his supplemental responses, these paragraphs were not even addressed, and therefore no documents were produced. Now that the deadline has passed for Defendant Bradshaw's responses, any objections are waived. See Stone v. Zimmer, 2009 WL 9567924 (S.D. Fla. 2009); See also Fla. L.R. 26.1(g)(3)(A) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived."

Case 9:15-cv-80521-DMM   Document 23   Entered on FLSD Docket 07/27/2015   Page 10 of 10

Pavlov v. Bradshaw, et. al.
Case No.:
Page 10

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter an Order compelling Defendant Bradshaw to file responsive documents to Requests for Production # 7, #26, #47, and #48.

## LOCAL RULE 7.1 CERTIFICATE

The undersigned hereby certifies that he has conferred with opposing counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

s/NICHOLAS C. JOHNSON
NICHOLAS C. JOHNSON
(Florida Bar No.: 041227)
Email:  njohnson@cohenmilstein.com
THEODORE J. LEOPOLD
Florida Bar No.: 705608
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (561) 515-1400
Facsimile:   (561) 515-1401
Attorneys for Plaintiff

## SERVICE LIST

Summer M. Barranco, Esquire
summer@purdylaw.com; melissa@purdylaw.com
Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 East Sunrise Blvd.
Suite 1216
Ft. Lauderdale, FL  33304
Phone: (954)-462-3200
Fax: (954)-462-3861
Attorneys for Palm Beach Sheriff's Office and Evan Rosenthal